UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darrin LaPine,
      Plaintiff,

v.                                                             Case No.
                                                               Hon.

WAYNE COUNTY, MICHIGAN, a municipal entity; and
ECOLAB, INC., a Delaware Corporation, and
SUMMIT FOOD SERVICE LLC, (f/k/a CATERING BY
MARLIN'S INC., ) dba CBM MANAGED SERVICES; a New
Mexico Corporation, and Officers/Guards WEDLOW,
COHEN, DAVIS and NICHOLSON, HALL,
RN LONG, DR. PATSALIS, RN DORAN,
JOHN/JANE DOE OFFICERS/GUARDS/MEDICAL STAFF
1-5, in their individual and official Capacities, Jointly and
Severally.
          Defendants.

___

DAVID A. ROBINSON (P38754)
BRANDON MCNEAL (81300)
ROBINSON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

THOMAS E. KUHN (P37924)
Co-Counsel for Plaintiff
645 Griswold Street, Ste. 1900
Detroit, MI 48226
313.963.5222; fax 313.963.9061
tekuhn@aol.com

___

**COMPLAINT and JURY DEMAND**

1

NOW COMES Plaintiff Darrin LaPine, by and through his attorneys, and for his Complaint against Defendants, states as follows:

1. Plaintiff Darrin LaPine (hereinafter 'Plaintiff') is a resident of the City of Detroit, County of Wayne, and the State of Michigan.

2. Defendants, Officer/Guard Wedlow, Officer/Guard Cohen, Officer/Guard Davis, Officer/Guard Nicholson, Office/Guard Hall, Registered Nurse Long, Dr. Patsalis, Registered Nurse Doran, John/John Doe Officers/Guards/Medical Staff 1-5 (hereinafter 'Individual Defendants') are employees of Defendant Wayne County, organized and existing under the constitution and laws of the State of Michigan, and were acting under color of law in their individual and official capacities.

3. Defendant Summit Food Service LLC is a New Mexico limited liability corporation, with its headquarters and principal place of business located at 500 East 52nd Street, North Sioux Falls, South Dakota and at all times material hereto, was and is doing business in the State of Michigan.

4. Defendant Summit Food Service LLC (formerly known as Catering by Marlin's Inc. dba CBM Managed Services) provided food service, equipment and personnel to the A.C. Baird Detention Center pursuant to contract.

5. Defendant Ecolab, Inc. is a Delaware corporation, with its headquarters and principal place of business located at 370 Wabasha St. N., St. Paul, Minnesota

2

55102-1323 and at all times material hereto, was and is doing business in the State of Michigan.

6. Defendant Ecolab, Inc. is a multi-billion dollar corporation which researches, designs, tests, inspects, manufactures, develops, produces, assembles, services, installs, distributes, markets, advertises, and/or sells a variety of water, hygiene, cleaning and energy products globally in the areas of institutional healthcare, industrial and correction food service.

7. Defendant Wayne County had a contract with Summit Foods LLC/CBM and/or Ecolab, Inc. to properly install, inspect, repair and/or maintain jail kitchen equipment at the A.C. Baird Detention Center ("Wayne County Jail").

8. Summit Food Service LLC employees and agents were on site in the jail kitchen daily and were responsible for safe daily operations, and for arranging subcontractors, such as Ecolab, Inc., to perform equipment maintenance, repairs and inspections.

## JURISDICTION AND VENUE

9. Individual Defendants were at all pertinent times employed by the City of Detroit and were at all pertinent times, acting pursuant under color of state law and pursuant to customs, policies, and practices of Defendant City of Detroit.

10. Plaintiffs bring this action under the laws of the State of Michigan, the

United States Constitution, and 42 U.S.C. §1983. Venue is appropriate because the events giving rise to this action occurred entirely in Wayne County, Michigan, exceeds in this action exceeds Seventy-Five-Thousand Dollars ($75,000) and is otherwise within this Court's subject matter jurisdiction, as it involves a matter of federal law under 28 USC 1331, and pursuant to federal court's pendent jurisdiction.

## FACTUAL ALLEGATIONS

11. Plaintiff is a disabled person.

12. Plaintiff was housed in a Wayne County Jail infirmary cell in September 2019.

13. Various individuals complained about the dangerous/defective condition of the toilet, and informed Defendants DAVIS, NICHOLSON, WEDLOW, HALL, COHEN, and JOHN/JANE DOE OFFICERS/GUARDS about the dangerous/defective toilet and scalding hot water.

14. Defendants DAVIS, NICHOLSON, WEDLOW, HALL, COHEN, and JOHN DOE OFFICERS/GUARDS simply ignored the complaints and responded that their own toilets do the same thing.

15. Various individuals also complained to JOHN/JANE DOE OFFICERS/GUARDS about the dangerous/defective toilets and scalding hot water in the infirmary.

16. On or about September 13, 2019, Plaintiff utilized the toilet and the scalding hot water/toilet burned Plaintiff, causing severe burns to his body.

17. Plaintiff was denied prompt medical treatment for his extensive injuries and suffered excruciating pain waiting on the floor of the cell.

18. Defendants failed to care for Plaintiff after recognizing that he was seriously and obviously injured from the defective/dangerous toilet, and recognizing that his condition would get worse without immediate emergency medical attention.

19. Plaintiff was never transported to Detroit Receiving Hospital by EMS, where he could have received proper medical care.

20. Plaintiff has permanent injury and has suffered extreme pain and suffering, humiliation, and emotional distress.

21. Despite being fully aware of the scalding hot water being piped into the stainless steel toilets, and knowing of the impossibility of vulnerable, disabled persons from protecting themselves from such hazards, Defendants deliberately disregarded the substantial risk of serious harm, and failed to prevent violations of Plaintiffs' constitutional rights even though they had the ability and opportunity to do so.

22. As a direct and proximate result of their deliberate disregard and dereliction of safety protocols, Plaintiff was seriously injured.

23. Upon information and belief, Defendant Wayne County was party to a contract with Defendant Summit Food Service LLC and/or Defendant Ecolab, Inc. whereby one or both of these entities were obligated to perform maintenance, repair, installation and inspection services on the kitchen equipment, including dishwashing and sanitizing equipment.

24. Defendant Ecolab Inc. and their employees improperly installed and/or improperly modified the faucet that allowed the high temperature dish sanitizing water to be forced into the cold water pipe that served the infirmary where Plaintiff and other disabled detainees were housed, which was a violation of the Detroit Plumbing Code.

25. Defendant Summit Food Service LLC was aware of this illegal modification and ratified it.

26. Defendants Ecolab, Inc. and/or Summit Food Service LLC and their employees were responsible for the installation, service, maintenance and repairs for the kitchen equipment and its component parts at the Wayne County Jail.

## COUNT I
## GROSS NEGLIGENCE AGAINST INDIVIDUAL DEFENDANTS

27. Plaintiff hereby realleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

28. Individual Defendants owed Plaintiff a duty of care, including but not limited to a:

   a.  Duty to provide protection for Plaintiff when he was in a helpless condition;

   b.  Duty not to make Plaintiff's condition worse after taking him into their custody and control;

   c.  Duty to properly supervise other officers/guards/medical personnel;

   d.  Duty to properly assure the safety of Plaintiff when he was in their care;

   e.  Duty not to discontinue their aid or protection, and by so doing leave Plaintiff in a worse position than when the Defendants took charge of him. Rest. 2nd Torts §324;

   f.  Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person, and failed and, their failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A.

   29. The actions of the Individual Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

   30. The Individual Defendants' actions in acting with gross negligence and violating Plaintiff's rights caused loss of rights and injury to the Plaintiff.

   31. The Individual Defendants' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the substantial risk of injury to Plaintiff and were grossly negligent.

   32. Under MCL 691.1407, citizens may maintain an action in tort against government employees whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the employee is acting within the scope of his or her authority.

33. As a direct and proximate result of the Individual Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, economic and non-economic losses, pain, suffering, serious emotional distress, permanent scarring and severe burns.

**WHEREFORE**, for all the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interest, and attorney fees.

### COUNT II – 42 U.S.C. §1983 – VIOLATION OF THE EIGHTH AND/OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AGAINST INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES

34. Plaintiff hereby realleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

35. At all times pertinent hereto, Plaintiff was a detainee housed in the infirmary cells at the Wayne County Jail.

36. Plaintiff's claim for relief on this Count Three is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

37. Plaintiff was subject to the deprivation of rights by Individual Defendants, acting or pretending to act under color of law and statutes, or ordinances, regulations, customs, and usages of the law of the United States, State of Michigan, which rights include, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and Law of the United States. By reason of the acts specified herein Defendants have violated the constitutional rights and liberty interests of Plaintiff, including those provided in the Eighth and/or Fourteenth Amendment to the U.S. Constitution.

38. Individual Defendants were deliberately indifferent to the substantial risk of serious injury, which deliberate indifference resulted in Plaintiff's damages:

   a. Failing to provide Plaintiff with adequate, timely treatment for his severe burns;

   b. Failing to provide Plaintiff with adequate medical treatment of his severe burns, skin grafts, skin debridement's, and management of bed sores after Plaintiff's injuries;

   c. Failing to provide adequate nursing care;

   d. Failing to provide Plaintiff with proper pain medication related to his severe burns, skin grafts, skin debridement's, and bed sores;

   e. Subjecting Plaintiff to bodily harm and injury caused unjustifiably while in custody of Defendants;

   f. Subjecting Plaintiff to cruel and unusual punishment;

   g. Subjecting Plaintiff to inhumane conditions of confinement, including inadequate medical care and shelter, and by extension, access to safe toileting.

39. Pursuant to Eighth and Fourteenth Amendments to the United States Constitution, Individual Defendants owed Plaintiff a duty to act without deliberate indifference to avoid exposing Plaintiff to an substantial risk of serious injury and in acting with deliberate indifference deprived Plaintiff of his constitutional right to medical treatment befitting his condition and humane conditions of confinement.

40. As a result of Individual Defendants' actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: great pain and suffering, permanent scarring, severe burns, mental anguish, serious emotional distress, embarrassment, humiliation, past and future economic damages and other disabilities.

WHEREFORE, for all the above reasons, Plaintiff demands judgment against Individual Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interest, and attorney fees.

## COUNT III – MUNICIPAL LIABILITY AGAINST WAYNE COUNTY UNDER 42 U.S.C. §1983

41. Plaintiff hereby realleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

42. Defendant Wayne County owed duties to Plaintiff, which included the following:

  a. The duty to provide timely and adequate medical attention for a serious

medical condition after Plaintiff's original complaints;

    b. The duty to adequately train, supervise, and/or discipline jail personnel to promptly respond to complaints about conditions that create a substantial risk of serious harm;

    c. The duty to implement and monitor hiring and training for all employees working at the Wayne County Jail so that they are capable of making decisions to avoid the substantial risk of serious harm;

    d. The duty to adequately train, supervise, and/or discipline jail personnel in reporting and/or addressing dangerous conditions that create a substantial risk of serious harm;

    e. The duty to make reasonable modifications to their policies, practices and procedures which affect inmates with disabilities at the Jail;

    43. Defendant failed in these above duties to adequately train detention facility/jail personnel and/or contractors regarding conditions of confinement and access to adequate and timely medical care, and historically have had a policy, custom, and practice of failing to implement an adequate training program to properly train, supervise, discipline detention facility/jail personnel and/or contractors.

    44. Defendant adopted, ratified and/or implemented the policies, practices and procedures which created and/or allowed to continue a substantial risk of serious harm and did so with deliberate indifference to the Plaintiff's substantial risk of serious harm thereby violating Plaintiff's constitutional rights.

    45. The acts and omissions of the Defendants taken pursuant to the de facto policies, practices and procedures, adopted, ratified and/or implemented by

Defendant, impermissibly condoned and allowed for the substantial risk of serious harm to Wayne County Jail detainees, such as Plaintiff, which amounts to deliberate indifference in the denial of detainees' civil rights as are guaranteed by the Constitution of the United States.

46. The aforementioned acts and omissions of Defendants were all committed under color of law and under color of their official authority as Wayne County officers/employees/peace officers/medical personnel and/or contractors.

47. The acts and omissions of the Defendant constituted deliberate indifference to Plaintiff's conditions of confinement as well as the serious and apparent medical needs of Plaintiff in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and, hence are actionable under 42 USC § 1983.

48. Despite Defendant's knowledge of the said illegal policies, practices and procedures, Defendant's supervisory policy making officers and officials or employees of Wayne County, as a matter of policy, practice and procedure, said Defendant:

    a. Failed to take appropriate and necessary steps to discover and determine that said policies, practices and procedures had and would continue to create and continue a substantial risk of serious harm to Plaintiff and those similarly situated;

    b. Failed to discipline and properly supervise the individual officers, deputies, and employees and/or contractors who engaged in the said acts pursuant to these policies, practices and procedures which resulted in Plaintiff's injuries;

    c. Failed to effectively train and supervise the said individuals Defendants with regard to the proper constitutional and statutory limits of their authority;

   d. Ratified said policies, practices and procedures which caused Plaintiff's injury through their deliberate indifference to the effect of said policies, practices and procedures of the constitutional rights of citizens such as Plaintiff;

   e. Failed to formulate or adopt appropriate policies, practices and procedures to instruct and train employees and jail personnel and/or contractors in the implementation of such policies, practices and procedures to protect detainees similarly situated to Plaintiff;

   f. Adopted and ratified policies, practices and procedures which constitute a violation of the United States Constitution, or played a significant causal role in denial of the constitutional rights of Plaintiff;

   49. As a result of Defendants' actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: great pain and suffering, permanent scarring, severe burns, mental anguish, serious emotional distress, embarrassment, humiliation, past and future economic damages and other disabilities.

   WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendant Wayne County, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interest, and attorney fees.

### **COUNT IV - THIRD PARTY BENEFICIARY – BREACH OF CONTRACT BY SUMMIT FOODS LLC and/or ECOLAB, INC.**
.
   50. Plaintiff hereby realleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

51. At all times relevant to this action, Wayne County was party to a contract with Defendant Summit Food Service LLC and/or Defendant Ecolab, Inc. whereby one or both of these entities were obligated to perform maintenance, repair, installation and inspection services on the kitchen equipment, including dishwashing and sanitizing equipment.

52. Upon information and belief, Defendant Ecolab Inc. improperly installed and/or improperly modified the plumbing that allowed the high temperature dish sanitizing water to be forced into the cold water pipe that served the infirmary where Plaintiff was housed.  This was a violation of the City of Detroit plumbing code.

53. Defendant Summit Food Service LLC was aware of this illegal modification and ratified it.

54. The improper installation was a breach of Ecolab's contract with Wayne County and/or Summit Food Service LLC.

55. Summit Food Service LLC was under a contractual obligation to address, on a daily basis, equipment maintenance and repair needs, but failed to do so and thus breached their contract with Wayne County.

56. Plaintiff was an intended third party beneficiary of this contract.

57. Plaintiff suffered damages as a result of Defendant Ecolab Inc. and or Summit Food Service LLC's breach of contracts with Wayne County.

WHEREFORE, Plaintiff claims judgment against Defendant Ecolab, Inc. and Summit Food Service LLC in the amount more than Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

### COUNT V- NEGLIGENCE BY ECOLAB, INC. and/or SUMMIT FOOD SERVICE LLC

58. Plaintiff hereby realleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

71. Defendants Ecolab, Inc. and/or Summit Food Service LLC and their employees were responsible for the installation, service, maintenance and repairs for the kitchen equipment and its component parts at the Wayne County Jail.

72. Defendants Ecolab, Inc. and/or Summit Food Service LLC and their employees owed duties to Plaintiff, including, but not limited to:

a.  Duty to use reasonable care in the creation, maintenance and repair of plumbing which otherwise would cause foreseeable injury to Plaintiff and other detainees.

b.  Duty to reasonably oversee, supervise and direct the plumbing work of employees which otherwise would cause foreseeable injury to Plaintiff and other detainees;

73. Defendant Ecolab, Inc. and/or Summit Food Service LLC and their employees had a duty to perform installation, inspections, service, maintenance and repairs for the kitchen equipment and its component parts at the Wayne County Jail in a safe and workmanlike manner to prevent it from malfunctioning and causing foreseeable injuries to persons such as Plaintiffs.

74. At all times relevant herein, Defendant Ecolab Inc. and/or Summit Food Service LLC had a duty to train and supervise their employees in the proper methods of installation, service, inspections, maintenance and repairs for the kitchen equipment and component parts in a safe and workmanlike manner to assure that all safety mechanisms were in place to prevent foreseeable injuries such as those that happened to Plaintiffs.

75. Defendant Ecolab Inc. and/or Summit Foods Service LLC and their employees were negligent, breaching their duties to Plaintiff to properly and safely install, inspect, service, maintain and repair the kitchen equipment and component parts; further, Defendant Ecolab, Inc. and/or Summit Food Service LLC were negligent, breaching their duties to Plaintiff when they performed a modification to the plumbing that allowed the high temperature dish sanitizing water to be forced into the cold water pipe that served the infirmary, and said modification was in violation of the plumbing code and caused foreseeable injuries to Plaintiff.

76. Defendant Ecolab, Inc. and/or Summit Food Service LLC's negligent modifications which were done contrary to the plumbing code thus constitutes negligence per se.

77. As a proximate result of the negligence of Defendant Ecolab, Inc., and/or Summit Foods Service LLC, Plaintiff has suffered severe injuries and damages.

78. Defendants Ecolab, Inc. and/or Summit Food Service LLC have respondeat superior liability for the negligence of their employees and others under their direction and control.

**WHEREFORE**, Plaintiff claims judgment against Defendant Ecolab, Inc. and/or Summit Food Service LLC in the amount more than Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## JURY DEMAND

NOW COMES the Plaintiff and demands trial of his cause by jury.

Respectfully submitted,

/s/ David A. Robinson_____
David A. Robinson (P38754)
Brandon McNeal (P81300)
Thomas E. Kuhn (P37924)
Attorneys for Plaintiff

Dated:  June 2, 2021